# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| MICHAEL BLUM *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-17-1586 |
| OCWEN LOAN SERVICING, LLC, *et al.*, | * | |
| Defendants | * | |

## **MEMORANDUM**

Plaintiffs Michael and Karen Blum filed this lawsuit against Ocwen Loan Servicing, LLC ("Ocwen"), Saxon Mortgage Services, Inc. ("Saxon"), and Does 1 through 100. (ECF No. 1.) The complaint is short on illuminative factual content, long on conclusional and vague allegations—at times, incomprehensible—and seems to be based upon events in 2012 and earlier. The Blums have also filed a motion for preliminary injunction against an anticipated foreclosure action by Ocwen based upon their current state of default. (Compl. ¶ 28; Mot. Prelim. Inj., ECF No. 2.) The Blums complain that Saxon did not properly handle their home mortgage loan modification agreement, did not properly credit several payments, and did not give them requested information. (Compl. ¶¶ 3, 25, 26, 27.) They allege that their mortgage originated on October 1, 2004, that Saxon became the loan servicer for the Blums' mortgage in January 2005, and that Ocwen assumed that role on April 1, 2012. (*Id.* ¶¶ 9, 10, 20.)

They indicate they have been in related litigation in both the Circuit Court for Harford County, Maryland, and this Court; while they provide no specifics on the state court case, they provide the case number in this Court for *Blum et al. v. Fremont Inv. & Loan et al.*, Civ. No.

WMN-12-57 (D. Md.). One of the defendants in the earlier case was Saxon Mortgage Services, Inc., who, as earlier noted, is also a defendant in this case. That case, filed on January 5, 2012, dealt with the same mortgage on the same property as in the instant case, complained about how the Blums' mortgage loan transaction occurred, alleged Saxon was a debt collector and not entitled to enforce the promissory note on the loan, alleged Saxon, among other defendants, did not have standing to foreclose on the Blums' property (based on a June 24, 2008, notice of default), and accused the defendants of fraud. (*Id.* Compl., ECF No. 1.) The Court granted Saxon's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief on June 12, 2012. (Order, ECF No. 17.)

Both Saxon and Ocwen contend the present suit is barred by *res judicata* and, if not entirely barred by that doctrine, subject to dismissal for failure to bring timely suit under the governing three-year statute of limitations. (Saxon's Mot. Dismiss Supp. Mem. 2, ECF No. 5-2; Ocwen's Mot. Dismiss Supp. Mem. 2-3, ECF No. 12.) The Court agrees.

Because the prior suit at issue was a federal case, federal rules of *res judicata* apply. *See Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). *See also Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law.") A claim subsequent to a preexisting judgment is precluded when three circumstances are present:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and 3) the claim in the second matter is based upon the same cause of action involved in the earlier proceeding.

*Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003) (alterations omitted).

Although the Blums argue the prior judgment was not a dismissal with prejudice and, therefore, not a judgment on the merits, they are wrong. "[U]nless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009). Thus, this Court's prior judgment was final and on the merits, and it satisfies the first element of *res judicata*.

The plaintiffs in both cases are identical. Saxon was a party to the first case and is a party to the second case. Plus, Ocwen is the successor in interest to Saxon and is deemed in privity with Saxon. *Martin v. Am. Bancorporation Retirement Plan*, 407 F.3d 643, 651 (4th Cir. 2005) ("To be in privity with a party to a former litigation, the non-party must be 'so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'"). The second element of the doctrine is satisfied.

Finally, the causes of action in the two cases are considered the same because they arose "out of the same transaction or series of transactions or the same core of operative facts." *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004) (internal quotation marks omitted). In both cases, the Blums have complained about the handling of their mortgage loan, *i.e.*, "the same core of operative facts." *Res judicata*, consequently, bars their suit against the mortgage servicers insofar as the Blums could have asserted claims against them at the time of filing the prior suit on January 5, 2012. *See Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 43-44 (4th Cir. 1990) (*res judicata* applicable to those claims existing and that might have been brought at time of first suit).

Finally, to the extent the Blums now complain about events in 2012 that occurred subsequent to January 5, 2012, those are time-barred. The Maryland statute of limitations for the

3

state law claims advanced in the instant suit requires that suits be brought within three years of the time the claim arose. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (LexisNexis 2013). The claims made under the federal Real Estate Settlement Procedures Act are also subject to a three-year statute of limitations. 12 U.S.C. § 2614 (2017). This case, filed June 9, 2017, comes too late.

Defendants' motions to dismiss for failure to state a claim for relief will be granted by separate order.

DATED this 1st day of December, 2017.

                BY THE COURT:

                _____/s/_____
                James K. Bredar
                Chief Judge